UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDMUND J. LOPINSKI, JR. | No. 97 CR 165<br><br>Judge Andrea R. Wood |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO REINSTATE HIS VERIFIED PETITION TO VACATE JUDGMENT**

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this response to the pro se motion by defendant Edmund J. Lopinski, Jr., for leave to reinstate his verified petition to vacate judgments obtained by fraud. R. 150. For the reasons stated below, the government asks this Court to dismiss this motion for lack of jurisdiction:

**Background**

On March 12, 1997, the grand jury returned a six-count indictment charging defendant with wire fraud, in violation of 18 U.S.C. § 1343. R. 1. On April 7, 1998, defendant pled guilty pursuant to a blind plea to Counts Five and Six. R. 41 at 25–26. In pleading guilty, defendant admitted that "he caused investor funds and other funds to be commingled in this Capitol Leasing Investment Corporation account at the Bank of California and that this was clearly in violation of the prospectuses in this case and the partnership," that "he used a portion of these commingled funds, including investment funds, in the transactions referred to in counts 5 and 6, which were the yachts and the airplane," and that "all this was done in violation of the

prospectuses, the limited partnerships and without the authorization of any investors." R. 41 at 24. Defendant also admitted that he staked a "personal interest in the yacht and the airplanes also in violation," and that he caused a facsimile to be sent that contained an "altered purchase agreement that was referred to by the government and that we've stipulated occurred." R. 41 at 24–25. In December 1998, defendant unsuccessfully moved to withdraw his guilty plea. R. 42; R. 62. Judge James B. Zagel, who presided over defendant's case, subsequently sentenced defendant to 63 months' imprisonment and three years of supervised release. R. 123.

Following entry of final judgment and exhaustion of his appellate rights, in 2001, defendant filed a petition to set aside the judgment under 28 U.S.C. § 2255. *United States v. Lopinski*, No. 01 CV 1950 (N.D. Ill.). In that petition, defendant alleged: (i) amendment of the indictment, (ii) that the indictment failed to allege a material falsehood, (iii) that the district court in imposing an obstruction-of-justice enhancement, (iv) that the judge double counted in imposing restitution, and (v) ineffective assistance of counsel concerning imposition of restitution. In October 2002, Judge Zagel (who was assigned the § 2255 case) denied the petition and closed the matter. *Id*. at R. 19.

In December 2010, defendant filed a "verified petition" in this criminal case seeking for Judge Zagel to vacate his judgment on grounds that the judgment was "obtained by fraud." R. 137. The government responded, arguing that defendant's petition "nothing more than a successive motion that is not allowed under 28 U.S.C. § 2255" and that, as a result, the court lacked jurisdiction. R. 141. Judge Zagel denied

defendant's petition. R. 149. On January 24, 2017, defendant filed the pending motion. R. 150.

## Argument

In criminal proceedings, on a motion from the defendant, a court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A defendant must file such a motion "grounded on newly discovered evidence" within three years after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1).

Outside the context of Rule 33, a defendant may get post-conviction relief only through 28 U.S.C. § 2255. Before a defendant may file a second or successive petition under § 2255, an appellate court panel first must certify that the application makes a *prima facie* showing that he has obtained "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(1). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see also, e.g.*, *United States v. Boyd*, 591 F.3d 953, 955 (7th Cir. 2010) ("Recaptioning doesn't allow a prisoner to avoid the ban."); *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005) (remanding the appeal of the denial of a successive motion "with instructions to dismiss for lack of subject-matter jurisdiction").

3

Here, defendant Lopinski filed a petition to vacate his conviction in 2001, which Judge Zagel denied. Defendant's pending motion for leave to reinstate his verified petition to vacate judgments obtained by fraud—although bearing a creative title—is simply a successive § 2255 petition. Per § 2244(b) and § 2255(h), this Court lacks jurisdiction to adjudicate this petition. Defendant first must file a motion with the Seventh Circuit seeking an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Only after a panel from the Seventh Circuit grants defendant's motion will a court in this district have jurisdiction to hear defendant's motion.

## Conclusion

For these reasons, the government respectfully requests that the Court dismiss defendant's motion for lack of jurisdiction.

                                          Respectfully submitted,
                                          JOHN R. LAUSCH, JR.
                                          United States Attorney

By:   *s/ Paul H. Tzur*
        PAUL H. TZUR
        Assistant United States Attorney
        219 S. Dearborn Street
        Chicago, Illinois 60604
        (312) 697–4032